**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| **MARILYN PROPST,** | ) | |
|      **Plaintiff,** | ) | **Civil Action No. 3:24-cv-00004** |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **COMMONWEALTH OF VIRGINIA, et al.,** | ) | **By:  Robert S. Ballou** |
|      **Defendants.** | ) | **United States District Judge** |

<u>**ORDER**</u>

Plaintiff Marilyn Propst has filed a pro se complaint alleging that Charles Propst and Judge Susan Whitlock, Mr. Propst's former divorce attorney violated her right to due process and her rights under the First and Eighth Amendments.  She seeks $30 million in restitution.  Upon review of her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), for the reasons set forth below, I will dismiss her complaint for failure to state a cause of action for which relief may be granted.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a case filed *in forma pauperis* if "at any time [] the court determines that… the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts are to construe the filings of pro se litigants

liberally, *Haines v. Kerner,* 404 U.S. 519, 520 (1970), but nonetheless, a pro se complaint must state a plausible claim to relief, *see Ashcroft,* 556 U.S. at 679.

Plaintiff has failed to state a cognizable claim. Propst alleges that her "family has been torn apart by the unfinished final decree" and that she is entitled to $30 million in "restitution." It is unclear what the "unfinished final decree" is or how it impacted her family. Moreover, it is impossible to decipher from Plaintiff's filings how Defendants Charles Propst, Judge Susan Whitlock, formerly Mr. Propst's divorce attorney, or the Commonwealth of Virginia may have injured Propst or her family. Even construing her complaint liberally, Plaintiff has failed to make any showing that she is "entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Accordingly, I **DISMISS** Plaintiff's complaint for failure to state a claim on which relief can be granted.

Enter:  February 26, 2024

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge